IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KEVIN CLARDY, | ) | |
| Movant, | ) | NO. 3:11-0846 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM**

Movant, Kevin Clardy, a federal inmate, filed this pro se action under 28 U.S.C. § 2255 seeking to set aside his convictions for felon in possession of a firearm and possession with intent to distribute crack cocaine, for which he received a sentence of 144 months. After a review of the motion, the Court ordered the Government to file a response. The Government filed a motion to dismiss, to which Movant filed a response (Docket Entry Nos. 9 and 10).

Movant's claims are for ineffective assistance of trial counsel. As to Movant's specific claims, Movant asserts his counsel's failures: (1) to file a notice of appeal upon Movant's request after his sentencing hearing; (2) to object to certain discovery produced by the Government at his suppression hearing; and (3) to withdraw timely from his criminal action so that Movant could appeal his sentence on the merits.

Before the Court is the Government's motion to dismiss (Docket Entry No. 9), contending that Movant's claims are time-barred and not subject to equitable tolling. In response (Docket Entry No. 10), Movant contends, in sum, that his counsel's failure to file his requested appeal, or withdraw from his criminal action, did not place him on notice of the deadline to file

his Section 2255 motion, and that the Government must first show that Movant's counsel was not ineffective before determining whether equitable tolling applies.

## A. Procedural History

An indictment charged Movant with two counts of felon in possession of a firearm and ammunition, one count of possession with intent to distribute crack cocaine, and one count of possession of a firearm in furtherance of a drug trafficking crime. (No. 3:09-cr-0122, Docket Entry No. 16).[1] Movant moved to suppress certain evidence and statements obtained by law enforcement officers during the execution of a search warrant at Movant's home. (No. 3:09-cr-0122, Docket Entry No. 21).

On November 2, 2009, Movant withdrew his motion to suppress (No. 3:09-cr-0122, Docket Entry No. 32). On November 9, 2009, Movant entered into a plea agreement under Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure and pled guilty to Count One of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and Count Three of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), for which Movant received consecutive sentences of 120 months and 24 months, respectively. (No. 3:09-cr-0122, Docket Entry Nos. 41 and 42). As part of the plea agreement, the Government moved to dismiss the remaining counts in the indictment, (No. 3:09-cr-0122, Docket Entry No. 36 at 9; Docket Entry No. 42 at 1), and Movant and the Government agreed on the total sentence of 144 months that departed below the advisory Sentencing Guidelines range for his offenses. (Docket Entry No. 44 at 3-4). Movant was sentenced on February 1, 2010 (No. 3:09-cr-0122, Docket Entry No. 42). The Court instructed Movant that he had 14 days from that date to appeal his sentence. (No. 3:09-cr-0122, Docket Entry No. 44 at 10).

---

[1] Unless stated otherwise herein, all docket entry citations are to filings in the habeas corpus action, Clardy v. United States, No. 3:11-0846.

Movant alleges that his counsel was "plainly instructed by [Movant's] family to file a notice of appeal after his sentencing hearing." (Docket Entry No. 1 at 4). Movant alleges that upon review of the "sentencing trial's documents" after the sentencing hearing he "immediately" instructed his counsel to file an appeal. Id. at 11. Movant alleges that he noticed a discrepancy in the sentence and plea agreement that was not noticed at the sentencing hearing, (Docket Entry No. 10-1 at 12), and that he believed that he had been improperly sentenced. (Docket Entry No. 1 at 4). Movant alleges that his counsel stated through Movant's family that "nothing's wrong" and that it "would not be in [Movant's] best interest" to file an appeal. Id. at 19. On September 6, 2011, Movant filed this action.

## B. Conclusions of Law

"The Court should consider [the] statute of limitations as a threshold matter." United States v. Jackson, 205 F. Supp.2d 876, 879 (W.D. Tenn. 2002) (citation omitted). Under Section 2255, "[a] 1-year period of limitation shall apply to [a] motion under this section." 28 U.S.C. § 2255(f).

> The limitation period shall run from the latest of--(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Here, the Court sentenced Movant and entered the judgment on February 1, 2010. (No. 3:09-cr-0122, Docket Entry No. 42 at 1). Under the Federal Rules of Appellate Procedure, "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed. . . ." Fed. R. App. P. 4(b)(1)(A)(i). As

3

Movant did not file an appeal, his judgment of conviction became final on February 15, 2010, the date on which his time to appeal expired. "When a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." United States v. Battiste, No. 1:09 CR 473, 2012 WL 832552, at *1 (N.D. Ohio Mar. 9, 2012) (quoting Johnson v. United States, 457 Fed.Appx. 462, 465 (6th Cir. 2012)).

Therefore, Movant had one year, or until February 15, 2011, to file his Section 2255 motion. Yet, Movant did not file his Section 2255 motion until September 6, 2011, nearly seven months after the expiration of the limitations period. (Docket Entry No. 1). Thus, the Court concludes that Movant's Section 2255 motion is untimely.

Further, the Court concludes that Movant's claim is not subject to equitable tolling. Equitable tolling is a judicial doctrine that extends to federal habeas actions. Souter v. Jones, 395 F.3d 577, 599-600 (6th Cir. 2005). Yet, the tolling doctrine is invoked only in "rare" and "exceptional circumstances." Id. at 600 As the Sixth Circuit noted,

> Equitable tolling allows courts to review time-barred *habeas* petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" Robinson v. Easterling, 424 Fed.Appx. 439, 442 (6th Cir. 2011) (quoting Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010)). Both ineffective assistance of counsel and "a substantial, involuntary delay in learning about the status of their appeals" may constitute extraordinary circumstances sufficient to warrant relief. See id. Despite the presence of such circumstances, the statute of limitations will only be tolled if the circumstances were both beyond the control of the litigant and unavoidable with reasonable diligence. Id. Thus, to demonstrate that he is entitled to equitable tolling, a *habeas* Movant must establish: (1) that he has diligently pursued his rights; and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (internal quotation marks omitted); see also Hall v. Warden, 662 F.3d 745, 749 (6th Cir. 2011). Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the Movant retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." Ata v. Scutt, 662 F.3d 736, 741 (6th Cir. 2011).

Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 462 (6th Cir. 2012). "This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases." Norman v. Warden, London Corr. Inst., No. 1:10-CV-866, 2011 WL 6986790, at *3 (S.D. Ohio Nov. 30, 2011) (Report and Recommendation adopted by Norman v. Warden, London Corr. Inst., No. 1:10-CV-866, 2012 WL 84319 (S.D. Ohio Jan. 11, 2012)).

Here, Movant filed this action on September 6, 2011, nearly seven months after the expiration of the limitations period. Movant does not allege that he attempted to contact either his counsel or the Court during the period between his sentencing hearing and the filing of this action. (Docket Entry No. 1). Movant does not assert any factor as grounds for equitable tolling. Further, Movant's counsel's failure to file a notice of direct appeal did not prevent Movant from filing a § 2255 motion. Thus, the Court concludes that Movant did not diligently pursue his rights and that, under these circumstances, there are not any extraordinary circumstances to warrant tolling the limitations period.

Moreover, as to Movant's ineffective assistance of counsel claim that his counsel did not object to certain evidence produced by the Government at his suppression hearing, Movant withdrew his motion to suppress and agreed to enter a plea of guilty. (No. 3:09-cr-0122, Docket Entry No. 32). Movant neither challenges the voluntariness of his plea, nor establishes "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Jackson v. United States, No. 2:08-cv-989, 2010 WL 1741340, at *4 (S.D. Ohio Apr. 28, 2010) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985) (Report and Recommendation adopted by 2010 WL 2545184)). Thus, Movant has not been prejudiced by his counsel's cited omission.

5

Accordingly, the Court concludes that this action is untimely and must be dismissed for lack of jurisdiction.

An appropriate Order is filed herewith.

**ENTERED** this the ___9th___ day of August, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN CLARDY, ) | |
| ) | |
| Movant, ) | NO. 3:11-0846 |
| ) | JUDGE HAYNES |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

# ORDER

In accordance with the Memorandum filed herewith, the petition for the writ of habeas corpus is **DENIED** and this action is **DISMISSED with prejudice**. The Court **DENIES** a Certificate of Appealability under 28 U.S.C. § 2253(c) for Movant's claims in this action.

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the 9th day of August, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge