# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| KEVIN CLARDY, ) | |
| ) | |
| Plaintiff, ) | No. 3:11-0846 |
| ) | Chief Judge Haynes |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court is Movant's motion to reconsider (Docket Entry No. 18) the Order dismissing Movant's pro se action filed under 28 U.S.C. § 2255. The Order found this action to be untimely and without grounds for equitable tolling. (Docket Entry No. 14).

In this Section 2255 action, Movant asserted claims for ineffective assistance of trial counsel and equitable tolling. Movant's specific claims (Docket Entry No. 9) were that his counsel failed: (1) to file a notice of appeal upon Movant's request after his sentencing hearing; (2) to object to certain discovery produced by the Government at his suppression hearing; and (3) to withdraw timely from his criminal action so that Movant could appeal his sentence on the merits.

The Court concluded that Movant's Section 2255 motion was untimely, as this action was filed seven months after the expiration of the one year limitation period. (Docket Entry No. 14 at 4). The Court further concluded that Movant's Section 2255 motion was not subject to equitable tolling, as Movant did not allege that he attempted to contact his counsel during the period between his sentencing hearing and the filing of this action, and counsel's alleged failure to file a direct appeal did not prevent Movant from filing a Section 2255 motion. Id. at 5.

Movant's motion for reconsideration, in essence, restates his claims for ineffective assistance of counsel, but now contains new allegations that he contacted his counsel during the period after his sentencing hearing and upon his return to the jail. (Docket Entry No. 18 at 2). In addition, Movant asserts that his trial counsel advised him that a direct appeal was not justified, but counsel failed to file an Anders[1] brief; that Movant was not informed of the requirements, including time requirements for a Section 2255 action; that if his trial counsel had received all "possible 'avenues'" this action would have been timely filed; that his counsel assured him if the crack cocaine guidelines were amended, counsel would seek further relief; and that the prospect for changes to the crack cocaine law was the motivating factor in Movant's plea. Id. at 1-3.

Movant's motion to reconsider is thus a motion to alter or amend a judgment under Fed. Rule of Civ. P. 59(e). "Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence". Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) (emphasis in original) (quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)). For relief, Movant must show "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.1999)).

The Court concludes Movant has not demonstrated clear error of law nor an intervening change in controlling law nor a manifest injustice. Movant's motion for reconsideration restates his

---

[1] Anders v. State of Cal., 386 U.S. 738 (May 8, 1967).

2

claims for ineffective assistance of counsel. Movant's allegation about his attempt to contact his counsel during the period between the sentencing hearing and the filing of this action are new allegations that "could, and should, have been made before judgment issued.". Engler, 146 F.3d at 374 (citation omitted) (emphasis added).

In any event, as a matter of fact, a review of Movant's plea agreement and at Movant's plea colloquy reveals that Movant was informed that notwithstanding his plea agreement, Movant had the right to challenge his conviction on grounds of ineffective assistance of counsel, prosecutorial misconduct or involuntariness of his plea. (United States v. Clardy, 3:09cr122, M.D. Tenn., Docket Entry No. 36 at 18). In his plea agreement, Movant gave up his right to appeal so long as the sentence imposed was within the terms of his plea agreement. Id. Thus, Movant gave up his right to appeal, rendering his counsel's failure to file any appeal or brief moot.

Moreover, Movant's guilty plea waives all non-jurisdictional pretrial claims and Movant is limited to the voluntariness of his guilty plea. United States v. Ferguson, 669 F.3d 756, 763 (6th Cir. 2012). Equitable tolling is available only "when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010). Movant bears this burden. Id. With waiver of his appeal rights and awareness of his right to challenge his guilty plea, Movant has not met his burden. Ignorance of the law is not grounds for equitable tolling. Johnson v. United States, 544 U.S. 295, 311 (2005). Movant whose criminal history reflects a criminal history category V, has experiences with the criminal justice system. United States v. Clardy, 3:09cr00122 (Docket Entry No. 36 at 15).

Finally, any change in the crack cocaine laws can be pursued by a motion to modify Movant's original sentence in his criminal action. Thus, the Court concludes that this new allegation lacks merit.

Accordingly, Movant's request for reconsideration (Docket Entry No. 18) is **DENIED**.

It is so **ORDERED**.

ENTERED this the ___ day of September, 2012.

WILLIAM J. HAYNES, JR.
Chief United States District Judge